

ORIGINAL

FILED

SEP 1 6 2004

U.S. COURT OF
FEDERAL CLAIMS

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROBERT G. NELSON and BETH NELSON, husband and wife, ESTATE OF WILLIAM F. HUGHES, JILL BARNEY, BETH NELSON, WILLIAM HUGHES, CHARLES HUGHES<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 04-1465L<br><br>   Honorable _____ |

### COMPLAINT

Plaintiffs allege the following:

### INTRODUCTION

1.      The United States, through the issuance of a Notice of Interim Trail Use

(NITU) under the National Trails System Improvement Act of 1988, Public Law 100-170, 10s

Stat. 2281 (1988), 16 U.S.C. § 1248 (c)-(f), has taken Plaintiffs' property rights by denying

them a reversionary interest in a railroad right of way located on their property that has been

abandoned by the railroad.  Plaintiffs seek just compensation as required by the Fifth

Amendment to the United States Constitution.

ORIGINAL

**PARTIES**

2.      Plaintiffs Robert Nelson and Beth Nelson, husband and wife, are residents of the State of Washington.  Plaintiffs claim an interest in the real property that has been taken by the Federal government.   At the time of the taking, Plaintiffs were the fee simple owners of property commonly referred to by street address as follows:  3123 East Lake Sammamish Parkway NE, Sammamish, Washington.

3.      Plaintiffs Estate of William F. Hughes, Jill Barney, Beth Nelson, William Hughes and Charles Hughes are residents of the State of Washington.  Plaintiffs claim an interest in the real property that has been taken by the Federal government.  Plaintiffs are the fee simple owners of property situated in King County, Washington, described as the fee title underlying the length of the right of way easement granted by Alfred Palmberg to the Seattle Lake Shore and Eastern Railway by deed dated June 13, 1887 (copy attached as Exhibit A). Plaintiffs are also the fee simple owners of property situated in King County, Washington described as follows:

**Parcel A**

That portion of Government Lot 1, Section 20, Township 25 North, Range 6 East, W. M., described as follows:  Beginning in the north line of said Government Lot 1, at a point 630 feet east of the northwest corner thereof; thence south 900 feet; thence southwesterly at right angles to the right of way of Northern Pacific Railway Company (formerly Seattle and International Railway) to the northeasterly line of said right of way; thence southeasterly along said northeasterly line to the south line of said Government Lot 1; thence east along said south line to the southeast corner thereof ; thence west along the north line to the point of beginning; LESS the following described portion thereof:  That portion of Government Lot 1, Section 20, Township 25 North, Range 6 E. W. M., described as follows:  Beginning at the intersection of the northeasterly margin of the Issaquah-Redmond County Road with the south line of said Government Lot; thence north 44° 21' 30" west along said margin 265.61 feet to the true point of beginning; thence north 45° 38' 30" east 337.19 feet; thence north 44° 21'

30" west 117.22 feet to the true point of beginning, and EXCEPT County Road.  TOGETHER WITH the second class shorelands conveyed to the above named grantor from the State of Washington by deed dated September 19, 1951, and recorded in Volume 3098 of Deeds at page 491 under King County Auditor's Receiving No. 4185298.

**Parcel B**

The northwesterly 200 feet of the Second Class Shorelands adjoining that portion of Government Lot 2, Section 20, Township 25 North, Range 6 E. W. M., in King County, Washington, described as follows:  Beginning at the northeast corner of said Government Lot; thence south along the east line thereof, 569.64 feet; thence west 221.58 feet; thence southwesterly at right angles to the right of way of the Northern Pacific Railway Company, (formerly the Seattle & International Railway) 15.3 feet to the northeasterly line of said right of way; thence northwesterly along said northeasterly line t the north line of said Government Lot; thence east along said north line to the point of beginning; EXCEPT County Road; EXCEPT portion if any, in said railroad right of way.

## JURISDICTION

4.      This Court has jurisdiction over this claim pursuant to the Tucker Act, 28 U.S.C. Section 1491, because the claim for relief made herein is founded upon the Fifth Amendment to the United States Constitution and the claim is for an amount in excess of $10,000.

## FACTS

5.      When Plaintiffs acquired their property, their title was encumbered by an easement for a railroad right-of-way that traverses through their property.

6.      Effective September 18, 1998, the Surface Transportation Board ("STB") approved interim trail use (a.k.a. "railbanking") of the right of way easement through Plaintiffs' property by issuing a Notice of Interim Trail Use ("NITU") and granting an exemption to Burlington Northern and Santa Fe Railway Company (BN) to abandon the use of subject right of way as an active rail line.  This ruling authorized the conversion of the

railroad corridor, including the Plaintiffs' property, into a recreational trail under the National

Trail System Act, 16 U.S.C. 1247(d). *See* Surface Transportation Board Decision and Notice

of Interim Trail Use or Abandonment, attached hereto as Exhibit B. BN subsequently reached

an agreement with King County, Washington for use of the right of way for trail purposes and

BN has fully abandoned the line.

**FIRST CLAIM FOR RELIEF**
**(Taking of Property Without Compensation)**

7.      Plaintiffs incorporate paragraphs 1 through 6 by reference as if fully set forth

herein.

8.      BN has abandoned the subject railroad right of way. Plaintiffs have a property

right in the reversionary interest to the right of way as it traverses through their property. As

to each Plaintiff, that property right has been taken by the Federal government through the

issuance of the NITU and conversion of the right of way into use as an interim trail.

9.      Plaintiffs are entitled to just compensation under the Fifth Amendment to the

United States Constitution for the taking of their property right.

**DEMAND FOR JUDGMENT**

WHEREFORE, Plaintiffs pray for the following relief:

1.      Just compensation, in an amount to be determined at trial, as required by the

Fifth Amendment to the United States Constitution for the property rights taken by the

Federal government as alleged above.

2.      An award of compound interest from the date of the taking until the judgment

is paid.

3.     An award of reasonable costs, disbursements and expenses, including

reasonable attorneys' fees and fees of experts incurred as authorized by 42 U.S.C. § 4654(c).

RESPECTFULLY SUBMITTED this 15th day of September, 2004.

By: _____

John M. Groen
Diana M. Kirchheim
Attorneys for Plaintiffs

GROEN STEPHENS & KLINGE LLP
2101 – 112th Avenue NE, Suite 110
Bellevue, WA 98004-2944
Telephone (425) 453-6206
Fax (425) 453-6224

# EXHIBIT A

filed for record at the request of S H Smith on the 13th day of June 1887 at 31 min past 1 P M

Lyman Wood
County Auditor

3877

Alfred Palmberg
to
S L Shore & R. R. Co

} Right of Way Deed

In Consideration of the benefits and advantages to accrue to me from the location construction and operation of the Seattle Lake Shore and Eastern Railway in the County of King in Washington Territory I do hereby donate grant and convey unto said Seattle Lake Shore and Eastern Railway Company a right of way one hundred (100) feet in width through my lands in said County described as follows to-wit:

Lots 1. 2. 3. and 4 and S E ¼ of N. W. ¼ of section 20 and Lot 2 in Section 19. Township 25 North. Range 6 East.

Such right of way strip to be fifty (50) feet in width on each side of the centre line of the railway track as located across my said lands by the Engineer of said Railway Company which location is described as follows to-wit:

Beginning at a point 1320 feet South and 700 feet West from the N E corner of Section 19 Township 25 North Range 6 East and running thence S 32° 43' E 420 feet thence on a 3° curve to the left for 405.5 feet thence S 45° 01' E 1604.5 feet. thence on a 2° curve to the right for 415 feet thence on a 3° curve to the right 283.3 feet thence N 28°15' E 432.7 feet thence on a 3° curve to the right 700 feet to a point 600 feet West from the ¼ corner on the South boundary of said Section 20

And the said Seattle Lake Shore and Eastern Railway Company shall have the right to go upon the land adjacent to said line for a distance of two hundred (200) feet on each side thereof and cut down all trees dangerous to the operation of said road.

To have and to hold the said premises with the appurtenances unto the said party of the second part and to its successors and assigns forever. All riparian and water front rights on Lake Samamish

are hereby expressly reserved

In Witness Whereof the party of the first part has hereunto set his hand and seal this 13th day of June 1882

Signed Sealed and delivered

in presence of }        Alfred Palmberg            (Seal)

Thomas Burk
G Morris Haller }

Territory of Washington }
County of King }        ss

I hereby certify that on this 13th day of June A D 1882 before me a Notary Public in and for Washington Territory personally came Alfred Palmberg to me known to be the individual described in and who executed the within instrument and acknowledged that he signed and sealed the same as his free and voluntary act and deed for the uses and purposes therein mentioned

Witness my hand and official seal the day and year first above written

G. Morris Haller            (Seal)
Notary Public in and for Washington Territory

filed for record at the request of Burk & Haller June 13th A D 1882 at 19 min past 2 PM

Lyman Wood
County Auditor

829 | Frank George Hill }
⅟ |        to        }        Warranty Deed "Special"
| S H Page }

This Indenture Made this 13th day of June in the year of our Lord One thousand eight hundred and eighty seven Between Frank George Hill of King County Washington Territory the party of the first part and S H Page of same place the party of the second part

# EXHIBIT B

FILE COPY

# EXHIBIT

**Case**

Docket No.       Title
AB 6 380 X      BURLINGTON NORTHERN ABANDONMENT EXEMPTION - IN KING COUNTY, WA

## Decision Summary

MODIFIED TO THE EXTENT NECESSARY THE DECISION SERVED AUGUST 5, 1998, TO IMPLEMENT INTERIM TRAIL USE/RAIL BANKING AS SET FORTH IN THIS DECISION.

Docket No.                    Title

## Download Files

WP Envoy (requires viewer)   WordPerfect                  Graphics/Maps/Figures:

- 29583.evy                    - 29583.wpd

Size of PDF File: 0.00 MB

Approximate download time at 28.8 : 0 Minute(s)

Note:
Some installations of Adobe Acrobat 3 browser plug-ins cannot open large PDF files. If you experience problems viewing our files, we recommend upgrading to an Acrobat 4 reader available free at www.adobe.com.

## Full Text of Decision

29583

SERVICE DATE - SEPTEMBER 18, 1998

DO

SURFACE TRANSPORTATION BOARD

DECISION AND NOTICE OF INTERIM TRAIL USE OR ABANDONMENT

STB Docket No. AB-6 (Sub-No. 380X)

THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY

--ABANDONMENT EXEMPTION--IN KING COUNTY, WA

Decided: September 16, 1998

In a decision served May 13, 1998, the Board granted The Burlington Northern and Santa Fe Railway Company (BNSF) an exemption to abandon a 12.45-mile line of railroad between milepost 7.3, near Redmond, and milepost 19.75, at Issaquah, in King County, WA ( the Redmond-Issaquah Line), subject to labor protective and environmental conditions. Thereafter, in a decision served August 5, 1998, the Board rejected an offer of financial assistance filed by Redmond-Issaquah Railroad Preservation Association under 49 U.S.C. 10904 to continue service on the line.(1)

Also in the August 5 decision, the Board deferred action on requests by King County and The Land Conservancy of Seattle and King County (TLC) that the Board impose interim trail use/rail banking under 16 U.S.C. 1247(d). The Board noted that King County and TLC had submitted statements of

willingness to assume financial responsibility for the right-of-way and acknowledged that use of the right-of-way is subject to possible future reconstruction and reactivation of the right-of-way for rail service, as required under 49 CFR 1152.29. The Board also found that the requests complied with the requirements for interim trail use/rail banking. However, the Board deferred action on the requests pending BNSF's notifying the Board as to whether the railroad was going to exercise its abandonment exemption authority and, if so, whether it was willing to negotiate for trail use.

By letter filed August 10, 1998, BNSF has notified the Board that it intends to act on its abandonment exemption authority. BNSF also joins in the requests that a notice of interim trail use (NITU) be issued in this proceeding.

The requests by King County and TLC comply with the requirements of section 1152.29, and BNSF is willing to negotiate for trail use. Therefore, a NITU will be issued. The parties may negotiate an agreement during the 180-day period prescribed below. If BNSF reaches a mutually acceptable final agreement or agreements with King County and/or TLC, no further Board action is necessary. If no agreement is reached within 180 days, BNSF may fully abandon the line. See 49 CFR 1152.29(d)(2). Use of the right-of-way for trail purposes is subject to restoration for railroad purposes.

This action will not significantly affect either the quality of the human environment or the conservation of energy resources.

It is ordered:

1. This proceeding is reopened.

2. Upon reconsideration, the decision served August 5, 1998, exempting BNSF's abandonment of the Redmond-Issaquah Line, is modified to the extent necessary to implement interim trail use/rail banking as set forth below for a period of 180 days from the service date of this decision and notice.

3. If an interim trail use/rail banking agreement is reached, it must require the trail user to assume, for the term of the agreement, full responsibility for management of, for any legal liability arising out of the transfer or use of (unless the user is immune from liability, in which case it need only indemnify the railroad against any potential liability), and for the payment of any and all taxes that may be levied or assessed against, the right-of-way.

4. Interim trail use/rail banking is subject to the future restoration of rail service and to the user's continuing to meet the financial obligations of the right-of-way.

5. If interim trail use is implemented, and subsequently the user intends to terminate trail use, it must send the Board a copy of this decision and notice and request that it be vacated on a specified date.

6. If an agreement for interim trail use/rail banking is reached by the 180th day after service of this decision and notice, interim trail use may be implemented. If no agreement is reached by that time, BNSF may fully abandon the line, provided that the labor protective and environmental conditions imposed in the August 5 decision are met.

7. This decision is effective on its service date.

By the Board, David M. Konschnik, Director, Office of Proceedings.


Vernon A. Williams

Secretary

1. See pages 1-5 of the decision for a more detailed discussion of the history of this and related